F. A. Gaynor, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

WELKER et al., Respondents, v. LATHROP et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 1, 1910.) Action by John W. Welker and another against Andrew J. Lathrop and another. No opinion. Judgment reversed on questions of law and fact, and new trial ordered before another referee, with costs to appellant to abide event. Held, that Trustee Tiffany should have been made a party to the action.

WELLS, Respondent, v. HOWARD et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 10, 1910.) Action by Charles M. Wells against William J. Howard and another.

PER CURIAM. The verdict was against the weight of the evidence, and for that reason the judgment and order are reversed, and a new trial granted, on condition that the plaintiff pay the costs of the trial and disbursements to date. See, also, 129 App. Div. 926, 114 N. Y. Supp. 1150, and 134 App. Div. 925, 118 N. Y. Supp. 1149.

THOMAS, J., dissents as to defendant William J. Howard.

WELLS, Respondent, v. VILLAGE OF FAYETTEVILLE, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 1, 1910.) Action by David Collin Wells against the Village of Fayetteville. No opinion. Judgment affirmed, with costs.

WELTMAN et al., Appellants, v. ELECTRICAL AUDIT & REBATE CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 6, 1910.) Action by Samuel Weltman and another against the Electrical Audit & Rebate Company.

PER CURIAM. Judgment and order of the Municipal Court reversed, and new trial ordered, costs to abide the event, because of error in excluding testimony offered by the plaintiffs as to the alleged fraudulent representations of the defendant's agents.

WERDER, Respondent, v. PRESCOTT et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 4, 1910.) Action by Jessie M. Werder against Amos L. Prescott and others. No opinion. Judgment modified, by striking therefrom extra allowance for costs; and, as so modified, together with the order denying motion for new trial, unanimously affirmed, with costs.

WESCHE, Respondent, v. WILKENS, Appellant. (Supreme Court, Appellate Division, Second Department. May 26, 1910.) Action by William Wesche against Herman Wilkens. No opinion. Judgment of the Municipal Court affirmed, with costs.

WESTCHESTER COUNTY v. TRUSTEES OF LEAKE & WATTS ORPHAN HOUSE et al. (Supreme Court, Appellate Division, Second Department. May 6, 1910.) Action by the County of Westchester against the Trustees of the Leake & Watts Orphan House and others. No opinion. Order, in so far as appealed from, affirmed, with $10 costs and disbursements.

In re WEST 160TH ST. (Supreme Court, Appellate Division, First Department. April 29, 1910.) In the matter of West 160th Street. No opinion. Reargument ordered to be heard on May 6, 1910.

In re WEST 160TH ST. IN CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. May 20, 1910.) Appeal from Special Term, New York County. In the matter of the application of the city of New York to acquire title to lands required for the opening and extension of West 160th Street. From so much of an order of the Special Term, affirming the report of commissioners of estimate and assessment, as confirms certain assessments for benefits, the City Real Estate Company appeals. Affirmed. See, also, 122 N. Y. Supp. 1149. John Whalen, for appellant. Archibald R. Watson, Corp. Counsel (Joel J. Squier, of counsel, and John J. Kearney, on the brief), for respondent.

CLARKE, J. The proceeding was instituted to acquire title to a strip of land 60 feet wide, extending from Broadway to Ft. Washington avenue, the length of such strip along the center line of the street being approximately 225 feet, and of a strip of land extending from Ft. Washington avenue to Riverside avenue, which strip along the center line is 625 feet. The entire cost was, by resolution of the board of estimate and apportionment, to be assessed upon the property deemed benefited. In the block between Broadway and Ft. Washington avenue the title to the land to be acquired is in two owners; the parcels being divided by a diagonal line running from northwest to southeast. Prior to the acquisition of title, the lot, of which damage parcel No. 2 forms a part, had a length along this diagonal line, extending from Broadway in a northwesterly direction to Ft. Washington avenue, of about 236 feet. The line referred to formed the northerly line of the plot owned by the City Real Estate Company, the appellant. By reason of this proceeding the property of the appellant acquires a frontage on the new street of about 213 feet 8 inches. A right-angle corner is made at Broadway, and an additional corner given at Ft. Washington avenue. The commissioners have made an award in the sum of $52,384.42, exclusive of interest, for damage parcel No. 2, the property acquired from the appellant. The assessment for benefit against the remaining land owned by appellant was $45,776.87. The total awards and interest in the whole proceeding amount to $246,142.31 and the total assessments for benefit are $250,774.70. The area of assessment which the commissioners adopted extended eastwardly to a point 100 feet east of Edgecomb avenue and westerly to a point 100 feet west of Riverside Drive. Considerable land, therefore,